IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's objections to transcript of trial (Filing No. 1051), motion for reconsideration or an adversarial hearing under Rule 51 (Filing No. 1095), and Rule 33 motion for new trial (Filing No. 1103).

Defendant's objections to transcript of trial (Filing No. 1051) "moves the Court under Federal Rule of Appellate Procedure 10(e)(1) and (2) and 28 U.S.C. § 753(b)(1) to correct and modify the differences [between] the transcript and what actually transpired in open court during the petitioner's [April 2011 criminal] trial." Defendant then cites portions of the transcript where he seeks such corrections. Defendant's motion for continuance (Filing No. 1087) asks for a continuance of defendant's forfeiture proceedings "until after there has been a correction to the trial transcript." The Court held a hearing on these two motions (and several other issues) on October 11, 2011. At the hearing, defendant represented to the Court that the alleged discrepancies cited in his objections to the transcript

of trial and motion for continuance are based solely on defendant's memory of his trial and nothing else.

After the October 11, 2011, hearing concluded, defendant filed a motion for reconsideration or an adversarial hearing (Filing No. 1095). In this motion, defendant prays the Court reconsider its previous order denying defendant's motion to disqualify court reporter Susan DeVetter (See Filing No. 1074) and prays for a hearing where defendant may correct the transcript. Defendant further makes an allegation that court reporter Susan DeVetter deliberately modified the transcript of his trial under the command of the government. Two days later on October 13, 2011, defendant filed a Rule 33 motion for new trial (Filing No. 1103). In this motion, defendant moves the Court for a new trial based upon this same alleged non-compliance with 28 U.S.C. § 753(b)(1) memorialized in the other above-mentioned motions.

Under 28 U.S.C. § 753(b)(1), a court reporter must certify original stenographic notes of court proceedings and promptly file them with the clerk of the court. The administrative records of the Clerk of this Court show that Ms. DeVetter certified and filed her original stenographic notes of the proceedings in defendant's case on April 29, 2011. Thus, Ms. DeVetter has complied in full with the filing and certification requirements of 28 U.S.C. § 753(b)(1).

The Court has reviewed the entire transcript of defendant's April 2011 criminal trial and specifically the portions of the transcript defendant alleges have been deliberately modified to his detriment.  The Court finds defendant's allegations are completely frivolous.  The transcript is an accurate record of defendant's April 2011 criminal trial.  Defendant has failed to put any evidence before this Court that Ms. DeVetter deliberately modified the transcript of his April 2011 trial.  Thus, the Court will deny all of defendant's motions related to this issue.  Accordingly,

IT IS ORDERED:

1) Defendant's objections to transcript of trial (Filing No. 1051) are denied.

2) Defendant's motion for reconsideration or an adversarial hearing (Filing No. 1095) is denied.

3) Defendant's Rule 33 motion for new trial (Filing No. 1103) is denied.

DATED this 24th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court